Per Curiam.
In order to require the-plaintiff to give security for costs, it must appear, either, first; that she was, when I he action commenced, a person residing without the state (Code, §3268), or second ; that after the commence *430 ment of the action the plaintiff ceased to be a resident of the state (§ 3269).
There is no evidence that plaintiff was not at the commencement of this action a resident of this state. Defendant swears that one Johnson told him that plaintiff was living in the state of California, and had been living there for years. Mr. Bennett says that plaintiff resided in this state up to about a year ago, when, he is informed, she left on a visit to Portland, Oregon, and that' she was expected back soon to resume her business as domestic. It thus appears positively that she was a resident of New York when the action was commenced. The only evidence that she has ceased to be a resident since the commencement of the action is the statement of Johnson to defendant. In answer to that, McNeil informed Mr. Bennet that she is expected to return to New York soon, and was away on a visit.
We do not think that it sufficiently appears that plaintiff is a non-resident.
We are also of the opinion that defendant by proceeding with the trial before Judge Freedman, waived his right to the security. So far as appears, he knew all the facts he has stated in his affidavit prior to commencing the trial, and knowing all those facts he proceeded with the trial, and did not make this application until- Judge Freedman had suspended the trial and ordered certain issues to be tried by a jury. It was then too late. Having proceeded with the trial, he had waived his right to require the security (Buckley v. Gutta Percha, &c. Co., 3 Civ. Pro. Rep. 432).
The order should be reversed and motion denied, with $10 costs and disbursements.